FILED

JUN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WIRELESS WAREHOUSE, INC., a Georgia Corporation, <br><br>    Plaintiff - Appellant, <br><br>  v. <br><br> BOOST MOBILE, LLC, a Delaware Limited Liability Company doing business in Irvine, California, <br><br>    Defendant - Appellee. | No. 11-55217 <br><br> D.C. No. 8:09-cv-01436-MLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Marc L. Goldman, Magistrate Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

 Wireless Warehouse, Inc. (WWI) appeals the district court's order granting

summary judgment to Boost Mobile, LLC (Boost) in WWI's diversity action

alleging false promise, intentional interference with prospective economic

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

relations, promissory estoppel, and unfair competition in violation of Cal. Bus. &

Prof. Code. § 17200, *et seq.*  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.[1]

**1.**     The district court did not abuse its discretion by overruling WWI's

evidentiary objections to the amended Attachment J to the Prepaid Wireless

Product Agreement (PPA).  The record supports the district court's determination

that the amended Attachment J was authentic because its contents "appear[ed] to

be sufficiently genuine."  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 n.24

(9th Cir. 2002); *see also* FED. R. EVID. 901(b)(4).  The record likewise supports the

admissibility of the amended Attachment J under the residual hearsay exception.

FED. R. EVID. 807(a).

**2.**     The district court properly concluded that WWI's claims are governed by

Virginia law.  Because Boost was a third party beneficiary of the PPA, *Bugna v.*

*Fike*, 95 Cal. Rptr. 2d 161, 164 (Cal. Ct. App. 2000), it is entitled to enforce the

PPA's choice of law clause.  CAL. CIV. CODE § 1559.  The choice of law clause, in

turn, provided that the PPA was "governed by" Virginia law.  In light of this broad

provision, Virginia law applied to all causes of action related to the PPA, including

---

[1]     Boost's motion for leave to supplement the excerpts of record is denied as moot.

2

the contract and tort claims alleged in this action.  *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1155 (Cal. 1992).

3.      The district court also correctly concluded that Boost was entitled to summary judgment on the only two claims alleged by WWI that are cognizable under Virginia law.  Boost was entitled to summary judgment on WWI's false promise claim because WWI failed to show that it reasonably and justifiably relied on the alleged oral promise made by Boost, that Boost intended to mislead WWI with that representation, and that WWI suffered resulting damages.  *See State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005).  We likewise agree with the district court that WWI failed to establish a genuine factual dispute as to whether Boost improperly interfered with WWI's relationship with sub-dealers and that WWI suffered resulting damages, both of which are required in a cause of action for interference with prospective economic advantage.  *See Commercial Bus. Sys., Inc. v. Halifax Corp.*, 484 S.E.2d 892, 896 (Va. 1997).  Consequently, WWI is not entitled to any damages, let alone punitive damages. CAL. CIV. CODE § 3294.

4.      Finally, the record is devoid of any evidence that the district court abused its discretion in denying WWI's motion to compel additional discovery.

**AFFIRMED.**

3